IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALGONQUIN GASOLINE, INC., | : | |
| an Illinois corporation, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 3:16-cv-00017-VAB |
| | : | |
| PETROLEUM & FRANCHISE CAPITAL, | : | |
| LLC, a Delaware limited liability company | : | |
| | : | |
| Defendant. | : | |

**RULING ON PLAINTIFF'S MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT**

Plaintiffs, Illinois businesses and individuals, entered into a Note and Security Agreement (the "Note") to borrow money from Defendant, Petroleum & Franchise Capital, LLC ("PFC"), to purchase a gas station in Algonquin, Illinois. Compl., ECF No. 1, at ¶18. In their original complaint, filed on January 6, 2016, Plaintiffs sought an order requiring PFC to provide a payoff letter, a declaration of the parties' rights and the amount due under the Note, and damages stemming from PFC's violation of the UCC, breach of contract and breach of the implied covenant of good faith and fair dealing. *See id*. Now, Plaintiffs seek to amend their complaint and join Petroleum & Franchise Funding, LLC ("PFF") as an additional party. Defendant did not file a brief in opposition and did not respond to plaintiffs' efforts to seek approval to amend. Plaintiffs' Motion for Leave to Amend, ECF No. 26, at ¶18.

After a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15, which calls for leave "when justice so requires," has been applied liberally in order to "facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (*quoting Conley v. Gibson*, 355

U.S. 41, 48 (1957)). Courts usually consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" when deciding whether to grant leave to amend. *Foman*, 371 U.S. at 182. Although Rule 15 is applied liberally, "Rule 16(b) may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); Fed. R. Civ. P. 16(b). Under the Rule 16(b) standard, a party may obtain a modification of the scheduling order only "upon a showing of good cause." *Id.*

While Plaintiffs' motion was untimely under the scheduling order (ECF No. 21), Plaintiffs have good cause to request leave to amend. A third party, PFF, has initiated an action against Plaintiffs to foreclose on the mortgage that secures the Note at question in this case. Similar to Defendant PFC, PFF alleges that Plaintiffs made non-monetary defaults on the Note. The foreclosure action—as well as discovery in this case—reveals that PFC assigned the Note to PFF approximately 8 years ago. Pltf.'s Motion at ¶3. Because Plaintiffs request specific performance of the Note, and because all of their claims stem from the obligations the Note created, joining PFF as a defendant is appropriate.

Defendant has not alleged that it will be prejudiced if Plaintiffs amend their complaint. Moreover, amendment is appropriate because Plaintiffs' amended complaint is likely to involve the same circumstances and set of facts as the original complaint. In cases like this, amendment of the complaint is not likely to prejudice the defendant by resulting in the expenditure of "significant additional resources." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725-26 (2d Cir. 2010) (noting that amendment may be prejudicial when, among other things, it would "require the opponent to expend significant additional resources to conduct discovery and prepare trial" or "significantly delay the resolution of the dispute.")

Furthermore, amendment may be appropriate even if it would cause delay or additional expenses. This is particularly true when the amendments sought "arise from the same set of operative facts as the original complaint." *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986) (holding that the District Court had abused its discretion when it denied plaintiff leave to amend her complaint, despite the fact that defendant had completed discovery and filed a motion for summary judgment).

Plaintiffs have good cause to make this request, and it is not prejudicial to the defendant nor unduly burdensome to this court. Plaintiffs' Motion to Amend/Correct the Complaint [ECF No. 26] is GRANTED.

SO ORDERED at Bridgeport, Connecticut this 17th day of October, 2016.

/s/ Victor Bolden_____

VICTOR A. BOLDEN

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALGONQUIN GASOLINE, INC., | : | |
| an Illinois corporation, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 3:16-cv-00017-VAB |
| | : | |
| PETROLEUM & FRANCHISE CAPITAL, | : | |
| LLC, a Delaware limited liability company | : | |
| | : | |
| Defendant. | : | |

**PROTECTIVE ORDER**