IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALGONQUIN GASOLINE, INC., | : | |
| an Illinois corporation, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 3:16-cv-00017-VAB |
| | : | |
| PETROLEUM & FRANCHISE CAPITAL, | : | |
| LLC, a Delaware limited liability company, | : | |
| and PETROLEUM & FRANCHISE FUNDING, | : | |
| LLC, a Delaware limited liability company | : | |
| | : | |
| Defendants. | : | |

**ORDER REGARDING PROTECTIVE ORDER ON LOCATION OF DEPOSITIONS**

Plaintiffs are Illinois businesses and individuals who entered into a Note and Security Agreement (the "Note") in order to borrow money from Defendant Petroleum & Franchise Capital, LLC ("PFC"), to purchase a gas station in Algonquin, Illinois. Compl., ECF No. 1, at ¶18. Plaintiffs added Petroleum & Franchise Funding, LLC ("PFF") as a defendant in their First Amended Complaint, alleging that PFC assigned the Note to PFF in 2008. First Am. Compl., ECF No. 53, at ¶22. In an oral motion made during a telephonic status conference, Plaintiffs sought a protective order requiring that the depositions of Hemant Patel, Dipak Patel, Vishnu Patel, and Zahid Hameed, all individual plaintiffs in this action, take place in Chicago. In their supplemental briefing, plaintiffs argue specifically that deposing the four individuals out of state would be less burdensome to Plaintiffs and more economical overall. Defendants argue that Plaintiffs have not demonstrated the special circumstances required to overturn the presumption that a plaintiff, who affirmatively selected the forum, must bear the burden associated with discovery there.

For the reasons explained below, the motion is GRANTED. Plaintiffs, however, must pay the reasonable airfare for Defendants' counsel to travel to Chicago.

The Federal Rules of Civil Procedure do not state categorically the location where depositions are to take place.  Rather, under Rule 26(c), courts have broad discretion to alter the place of a noticed deposition, upon good cause shown, to protect a party from undue burden or expense.  *Buzzeo v. Board of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y.1998) ("Courts retain substantial discretion to designate the site of a deposition," despite the fact that the party that notices the deposition "usually has the right to choose the location") (internal quotations and citation omitted); *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("The grant and nature of protection is singularly within the discretion of the district court.").

The general rule is that "a non-resident plaintiff who chooses this district as his forum [is] to appear for deposition in this forum absent compelling circumstances."  *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984); *Buzzeo*, 178 F.R.D. at 392 ("Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice."). However, if a plaintiff can demonstrate "compelling circumstances" or "extreme hardship," a court may allow a plaintiff or her witnesses to be deposed elsewhere.  *Clem*, 102 F.R.D. at 939.

Additionally, the general presumption that a plaintiff be deposed within the forum she selected is "not applicable in a suit in which plaintiff had little choice of forum." *Ambac Assurance Corp. v. Adelanto Public Utility Authority*, No. 09-5087, 2012 U.S. Dist. LEXIS 64086, at *15-17 (S.D.N.Y. May 7, 2012); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) ("[I]t is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. … Where this factual premise is attenuated, the presumption is weakest."); *Imperial Chems. Indus., PLC v. Barr Lab., Inc.*, 126 F.R.D. 467, 472 (S.D.N.Y. 1989) ("[T]he rationale of [the general rule] has little force in a case … where the choice of forum is effectively dictated by the defendant").  In *Ambac*, the Southern District of New York held that the presumption in favor of holding depositions at the defendant's residence was "defeated" when plaintiff's choice of forum had been "constrained"

by a forum selection clause.  *Id.* at *15.  In another case, the same court found that a forum selection clause did not disrupt the presumption, reasoning that "the fact that [plaintiff] agreed to such a clause only supports the conclusion that its officers should be required to appear in this forum for deposition."  *Dubai Islamic Bank v. Citibank, N.A.*, 99-930, 2002 U.S. Dist. LEXIS 9794, at *45-46 (S.D.N.Y. May 28, 2002).  In other words, this Court has great discretion in assessing whether a forum selection clause amounts to a significant constraint on the plaintiff's choice of forum.

In this case, Plaintiffs argue that they had little choice of forum because the Note that brought them to court stipulates that "all actions or proceedings arising directly or indirectly from or in connection with this Note ... shall, at the Lenders' sole option," be brought in Connecticut.  Compl. Ex. 1, Note, ECF No. 1-1, at §30.  Furthermore, Plaintiffs argue that Defendant PFC did not respond to a similar action filed in a New York court.  Rather, PFC filed a new lawsuit in Connecticut after the plaintiffs moved for default judgment in the New York Court.  Pltf.'s Mem. Re: Depositions, ECF No. 50, at 4.  Given this history, the Court agrees that plaintiffs had few alternatives when they elected to bring this case in Connecticut, and that the presumption that they be deposed in Connecticut should be disrupted.

Courts also consider the "factors of cost, convenience, and efficiency" in determining the location of depositions.  *Ambac*, 2012 U.S. Dist. LEXIS 64086 at *16.  With respect to cost and convenience, neither party has clearly detailed the financial effects of the proposed deposition. At the same time, plaintiffs make a compelling argument that the cost and inconvenience involved with transporting four Chicago-based deponents to Connecticut is greater than the cost of transporting one attorney from Connecticut to Chicago.  *See Arneauld v. Pentair, Inc.*, No. 11-3891, 2012 U.S. Dist. LEXIS 168185, at *30 (E.D.N.Y. Nov. 26, 2012) ("[A]s to cost, the choice is between having counsel for three parties travel to Minnesota, or having one witness travel to New York and … weighs slightly in favor of conducting [the] deposition in New York."); *Harrier Techs., Inc. v. CPA Glob. Ltd.*, No. 12-167, 2014 WL 4537458, at *3 (D. Conn. Sept. 11, 2014) (calculating the costs of

deposition by comparing the cost of one attorney's travel with the comparable costs for three people). Finally, litigation efficiency does not dictate that the four plaintiffs be deposed in Connecticut because the Court can easily resolve discovery disputes by telephonic conference if needed. *See Arneauld*, 2012 U.S. Dist. LEXIS 168185 at *31 ("the *situs* of the deposition has no [e]ffect on litigation efficiency" on account of telephone conferencing).

The Court also has the discretion to direct parties to share costs to ameliorate the harshness of a protective order. *Harrier Techs., Inc. v. CPA Glob. Ltd.*, No. 3:12CV167 WWE, 2014 WL 4537458, at *3 (D. Conn. Sept. 11, 2014) (internal citations omitted) ("One means of dealing with disputes caused by depositions … is through orders providing that a party bear all or a portion of expenses incurred because the deposition is held in the locale chosen by that party."). In this case, such direction is appropriate. While the Defendants must depose the individual plaintiffs in Chicago, Plaintiffs must compensate defendants for the reasonable airfare of the deposing attorney.

For these reasons, Plaintiffs' oral motion for a protective order is GRANTED, with the specification that Plaintiffs compensate Defendants for the reasonable airfare expenses associated with one attorney's travel to Chicago from Connecticut.

SO ORDERED at Bridgeport, Connecticut this 27th day of November, 2016.

　　/s/　Victor A. Bolden_____

VICTOR A. BOLDEN

UNITED STATES DISTRICT JUDGE